## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CHRIS BAREFIELD**                                                      **PLAINTIFF**
**#0035237**

**V.**                              **NO. 3:22-cv-00191-JM-ERE**

**DOES**                                                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

I.      **Procedures for Filing Objections:**

This Recommended Disposition (Recommendation) for dismissal has been

sent to Judge James M. Moody Jr. Any party may file objections if they disagree

with the findings or conclusions set out in the Recommendation. Objections should

be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not

file objections, they risk waiving the right to appeal questions of fact. And, if no

objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.

II.     **Discussion:**

Plaintiff Chris Barefield, a pre-trial detainee at the Greene County Detention

Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983.[1] *Doc. 1*. In his complaint, Mr. Barefield alleged that: (1) the conditions of his confinement were unconstitutional; and (2) Detention Facility officials failed to provide inmates adequate medical, dental, and mental health care. The complaint proposed to name as Defendants all Detention Facility "administrative staff" and employees but identified no Defendants by name. *Doc. 1 at 3*. Accordingly, the only Defendants in the lawsuit were unknown "Does."

On August 23, 2022, the Court notified Mr. Barefield that his complaint was flawed for multiple reasons and postponed the screening process required by the Prison Litigation Reform Act ("PLRA") to allow Mr. Barefield an opportunity to file an amended complaint.[2] 28 U.S.C. § 1915A(a). *Doc. 7*. The Court specifically advised Mr. Barefield that the case could not proceed unless he provided the Court with the name of at least one Defendant who could accept service of the complaint. *Id. at 3*. See also *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993) (explaining

---

[1] Mr. Barefield originally joined with two other plaintiffs in filing the case, but the Court directed the Clerk's office to open individual cases.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

that it is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the Court with each defendant's name and service address). The Court gave Mr. Barefield specific guidance on what an amended complaint, if filed, should contain, including: (1) identifying those individuals who violated his constitutional rights; and (2) stating how each individual Defendant *personally* violated his constitutional rights. *Doc. 7 at 4*. The Court gave Mr. Barefield 30 days to file his amended complaint.

To date, Mr. Barefield has not filed an amended complaint, and the time to do so has passed. Accordingly, the Court must screen Mr. Barefield's original complaint.

Because Mr. Barefield has failed to specifically identify any individual who violated his constitutional rights or caused him to suffer injury, he has failed to state a plausible claim that his federal constitutional rights have been violated. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

## III.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.      Mr. Barefield's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.      The Court certify that, in the future, this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3.      The Clerk be instructed to close this case.

Dated this 30th day of September, 2022.


_____
UNITED STATES MAGISTRATE JUDGE